**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| PATRICK THELEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 09-CV-0767-CVE-TLW |
| | ) |
| STATE OF OKLAHOMA; | ) |
| W. A. SHERROD, Warden, | ) |
| | ) |
| Respondents. | ) |

## OPINION AND ORDER

On December 7, 2009, petitioner, a federal inmate appearing *pro se*, filed a 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1). He identifies the challenged conviction as being entered in Tulsa County District Court, Case No. CRF-1986-2925. In response to the petition, respondent State of Oklahoma filed a motion to dismiss (Dkt. # 11), asserting that the petition is barred by the one-year statute of limitations. The warden having custody of petitioner, W.A. Sherrod, filed a special appearance and motion to dismiss (Dkt. # 14). For the reasons discussed below, the Court finds the motions to dismiss filed by respondents should be denied. The Court further finds it lacks jurisdiction to consider petitioner's claims and, for that reason, the petition for writ of habeas corpus should be dismissed without prejudice.

## *BACKGROUND*

The record before the Court reflects that on September 29, 1986, petitioner pled guilty to Unlawful Delivery of Marijuana in Tulsa County District Court, Case No. CF-1986-2925. See Dkt. # 1, attached copy of "Order Denying Application for Post-Conviction Relief," filed February 25, 2009. On November 25, 1986, the trial court withheld a finding of guilt and deferred petitioner's sentencing for five years, or until November 1, 1991. Id.

On March 24, 1988, the State of Oklahoma filed an application to accelerate judgment and sentence. On July 16, 1990, Petitioner filed a petition for writ of habeas corpus in state court, requesting resolution of the application to accelerate. See Dkt. # 1, Ex. A. Petitioner contends that the state district court never ruled on the petition. However, on March 4, 1998, the State filed a motion to withdraw the application to accelerate, see Dkt. # 1, Ex. D, and, by order filed March 6, 1998, see Dkt. #1, Ex. E, the state district court granted the motion to withdraw the application to accelerate. The order bears the notation "BENCH WARRANT TO BE RECALLED." Id.

On January 12, 2009, petitioner filed an application for post-conviction relief. See Dkt. # 1, Ex. F. He claimed that "even though [Case No. CF-1986-2925] was dismissed petitioner is still suffering the due process violation via the enhanced federal sentence."[1] See id. at 2. On February 25, 2009, the state district court denied the requested relief. See Dkt. # 1, attached order. Petitioner filed a post-conviction appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). By order filed November 12, 2009, in Case No. PC-2009-823, the OCCA affirmed the denial of post-conviction relief. See Dkt. # 1, attached order.

Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1) on December 7, 2009. He identifies three grounds of error, as follows:

---

[1] Petitioner is presently in federal custody serving a sentence imposed by the United States District Court for the Eastern District of Michigan, Case No. 97-CR-20015-RHC-CEB. In that case, petitioner appealed the denial of a 28 U.S.C. § 2255 motion challenging the enhancement of his federal sentence under the career offender provision of the Sentencing Guidelines. See Thelen v. United States, 131 Fed.Appx. 61, 2005 WL 697093 (6th Cir. March 28, 2005) (unpublished). He also claimed that his attorney provided ineffective assistance in failing to object to the use of his Oklahoma conviction to enhance his federal sentence. The Sixth Circuit Court of Appeals rejected petitioner's claims that his Oklahoma conviction should not count in the career offender calculation because it was more than ten years old at the time of his federal offense and that his attorney provided ineffective assistance in failing to object to the use of the Oklahoma conviction. Id.

> Ground 1: The Tulsa County District Court/State of Oklahoma violated the Interstate Agreement on Detainers Act by not acting on petitioner's IADA request filed in the district court on July 16, 1990.
>
> Ground 2: Petitioner's due process rights under the 5th and 14th Amend. of the U.S. Const. were violated by the state's allowing this case to remain open after 20 some years after repeated requests by petitioner for a resolution.
>
> Ground 3: Petitioner's 5th and 14th due process rights under the U.S. Const. were violated by the state's failure to use due diligence in resolving the probation violation charges along with the case against petitioner in a timely fashion.

(Dkt. # 1). In response to the petition, the State of Oklahoma asserts that under 28 U.S.C. § 2244(d)(1)(A), petitioner's claims are time barred. See Dkt. # 12. Respondent Sherrod, Warden at FCI Greenville where petitioner is incarcerated, also filed a motion to dismiss (Dkt. # 14), adopting the argument and authorities set forth by the State of Oklahoma.

## *ANALYSIS*

### A. Characterization of petition

Petitioner prepared his petition on a form citing 28 U.S.C. § 2254 as authority for the relief requested. However, petitioner is not in custody pursuant to the judgment of a state court. Furthermore, petitioner does not challenge the validity of his guilty plea accepted by the trial court judge in Tulsa County District Court, Case No. CF-1986-2925. Instead, he complains of delay by the state district court in resolving the State's application to accelerate his deferred sentence. Petitioner believes that the delay resulted in a violation of the Interstate Agreement on Detainers Act ("IADA") and the improper use of his Tulsa County deferred sentence to enhance his federal sentence imposed by the United States District Court for the Eastern District of Michigan. Because petitioner is not in state custody and his habeas claims relate to proceedings on the State's application to accelerate his deferred sentence rather than to the validity of his guilty plea, the Court

3

finds this matter shall be adjudicated pursuant to 28 U.S.C. § 2241, rather than 28 U.S.C. § 2254. See Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000).

**B.  One year limitations period under U.S.C. § 2244(d) does not apply to this petition**

In response to the petition, respondents assert that the petition is time barred under 28 U.S.C. § 2244(d). The Court disagrees. Section 2244(d) provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." In this case, petitioner is not in state custody. Furthermore, nothing in the record before this Court suggests that a judgment has been entered in the Tulsa County District Court case giving rise to petitioner's claims. Therefore, the one year limitations period prescribed by § 2244(d) has no applicability to the claims raised in this petition. Respondents' motions to dismiss shall be denied.

**C.  Petition shall be dismissed**

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are ' in custody in violation of the Constitution or laws or treaties of the United States.'" Maleng v. Cook, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3) and citing 28 U.S.C. § 2254(a)). To the extent petitioner raises claims directly challenging the execution of his 1986 deferred sentence, this Court lacks jurisdiction to hear the claims because petitioner was not in custody under a sentence entered in Tulsa County District Court, Case No. CF-86-2925, when he filed his federal petition for writ of habeas corpus. See Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401 (2001) (stating that a petitioner cannot bring a federal habeas petition directed solely at a sentence he is no longer serving); see also Davis v. Roberts, 425 F.3d 830, 834 (10th Cir. 2005). Nothing in the record before this Court

4

suggests that petitioner was ever sentenced in Case No. CF-86-2925, or that the State took action to accelerate the deferred sentence after the state district court granted, on March 6, 1998, the State of Oklahoma's motion to withdraw the application to accelerate deferred sentence. Thus, it appears the five year deferred sentence expired long before petitioner filed his federal habeas corpus petition on December 7, 2009. United States v. Johnson, 941 F.2d 1102, 110-12 (10th Cir. 1991). Therefore, petitioner is not "in custody" pursuant to the deferred sentence and this Court lacks jurisdiction to consider his claims. For that reason, the petition for writ of habeas corpus petition should be dismissed.

Even if petitioner's current federal sentence was "enhanced" by his deferred sentence,[2] a § 2241 petition filed in the Northern District of Oklahoma is not the appropriate vehicle for this challenge. See Davis, 425 F.3d at 833. "A 28 U.S.C. § 2255 petition attacks the legality of detention, and must be filed in the district that imposed the sentence." Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000) (quotations and internal citations omitted); see also Rule 3(b), *Rules Governing Section 2255 Proceedings*. Section 2255 provides the "exclusive remedy" for a challenge to the validity of a sentence unless it is "inadequate or ineffective." See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Petitioner has not argued that § 2255 is inadequate or ineffective, and therefore, his § 2241 petition should be dismissed. See id.

---

[2] The Court notes that petitioner entered a plea of guilty and admitted to the conduct giving rise to the charge filed in Tulsa County District Court, Case No. CF-86-2925. As a result, the deferred sentence met the definition of a "prior felony conviction" for the purpose of sentencing petitioner as a career offender in E.D. Mich. Case No. 97-CR-20015-RHC-CEB. See U.S.S.G. § 4B1.2 cmt. n.1 (1997); cf. United States v. Daniels, 588 F.3d 835, (5th Cir. 2009) (finding that a deferred adjudication, dismissed as a matter of course and for reasons having nothing to do with innocence or errors of law, counted toward defendant's status as a career offender under the Sentencing Guidelines).

**ACCORDINGLY IT IS HEREBY ORDERED** that:

1. This matter is adjudicated as a 28 U.S.C. § 2241 petition for writ of habeas corpus.

2. Respondents' motions to dismiss (Dkt. ## 11 and 14) are **denied**.

3. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed without prejudice** for lack of jurisdiction.

4. A separate judgment shall be entered in this case.

**DATED** this 21st day of April, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT